UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| AMERICAN WATER HEATER CO. and A.O. SMITH CORP., | ) ) ) | |
| *Plaintiffs,* | ) ) | No. 2:16-CV-125 |
| v. | ) ) | Judge Collier |
| THE TAYLOR WINFIELD CORP., d/b/a TAYLOR-WINFIELD TECHNOLOGIES, | ) ) ) ) | Magistrate Judge Lee |
| *Defendant.* | ) ) | |

## **M E M O R A N D U M**

Plaintiffs have filed a motion for a new trial. (Doc. 173.) Defendant has responded in opposition (Doc. 176) and the time for filing a reply has expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set out below, the Court will **DENY** Plaintiffs' motion.

**I. BACKGROUND**

This case arose as a result of a contractual dispute concerning two custom-designed welding machines, or welders, Defendant was hired to build for Plaintiffs. On May 12, 2016, Plaintiffs filed suit against Defendant alleging breach of contract for failure to deliver the welders on time. (Doc. 1.) A jury trial was held from September 9 through September 16, 2019, and the jury ultimately returned a verdict in Defendant's favor. (Doc. 151.) On the verdict form, the jury indicated (1) Plaintiffs had not proven by a preponderance of the evidence that Defendant breached the parties' contract; (2) Defendant had proven by a preponderance of the evidence that Plaintiffs waived the delivery dates in the contract; and (3) Plaintiffs had not proven by a

preponderance of the evidence that Defendant breached the contract by failing to deliver the welders in a "reasonable time." (*Id.*)

On October 17, 2019, Plaintiffs filed a motion for a new trial, alleging the jury's verdict that Plaintiffs had not proven Defendant breached the contract by failing to deliver the welders in a "reasonable time" was against the weight of the evidence. (Doc. 173.) Plaintiffs contend the jury failed to properly consider the forty-two-day delivery deadline Defendant's project manager proposed at a February 2, 2016, meeting. (Doc. 174.) Plaintiffs argue the proposal of forty-two days was a binding, judicial admission as to the "reasonable time" for delivery. (*Id.*) Plaintiffs also contend testimony at trial demonstrated Defendant would never have been able to deliver the welders in a "reasonable time" because it was never ready to conduct the contractually required runoff testing. (*Id.*) Plaintiffs assert Defendant did not, and could not, deliver the welders in a "reasonable time" and thus, the jury's verdict was against the weight of the evidence. (*Id.*)

Defendant has filed a response in opposition. (Doc. 176.) Defendant contends the evidence at trial showed Plaintiffs did not provide a time limit for the additional pre-delivery work they requested and failed to provide a reasonable notification before cancelling the parties' contract. (*Id.*) Defendant also disputes that the delivery deadline proposed on February 2, 2016, constituted a judicial admission for the "reasonable time" to deliver the welders. (*Id.*) Even if there was a judicial admission, Defendant contends it would not preclude the jury's consideration

of Defendant's evidence as to why it was taking Defendant more time to complete the welders. (*Id.*) Thus, Defendant asserts the evidence taken as a whole supports the jury's verdict. (*Id.*)

## II. STANDARD OF REVIEW

Under Federal Rule of Evidence 59, a party may move for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit Court of Appeals has explained Rule 59 requires a new trial only "when a jury has reached a 'seriously erroneous result' as evidenced by (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion." *Mike's Train House, Inc. v. Lionel*, *LLC*, 472 F.3d 398, 405 (6th Cir. 2006) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996)).

A court should only grant a new trial on the grounds that the verdict was against the weight of the evidence if "the verdict was unreasonable[.]" *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir. 2000) (citing *Holmes*, 78 F.3d at 1047–48). In determining whether the verdict was unreasonable, a court may not "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because . . . other results are more reasonable." *Id.* (citing *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." *Id.* The burden is on the moving party to demonstrate a new trial is necessary. *Clarksville-Montgomery Cty. Sch. Sys v. U.S. Gypsum Co.*, 925 F.2d 993, 1002 (6th Cir. 1991).

## III. DISCUSSION

As the jury was instructed, in the absence of a specific time for delivery, the time for delivery is a "reasonable time." Tenn. Code Ann. § 47-2-309. What constitutes a "reasonable

3

time" for delivery "depends upon what constitutes acceptable commercial conduct in view of the nature, purpose, and circumstances of the action to be taken." Tenn. Code Ann. § 47-2-309, Official Comment 1. Before a failure to deliver in a "reasonable time" may be treated as a breach of contract, the party awaiting delivery must provide the delivering party with a reasonable notification. *See* Tenn. Code Ann. § 47-2-309, Official Comment 5.

The Court will first address Plaintiffs' contention that a "reasonable time" for delivery was determined by judicial admission and will then consider whether the verdict was against the weight of the evidence.

### A. Judicial Admission

At the parties' February 2, 2016, meeting, Defendant's project manager, Chris Morrone, proposed March 14, 2016, as the delivery date for the first welder. (Doc. 174.) Plaintiffs assert the proposal was a "deliberate, clear and unambiguous" statement that Defendant could deliver the welder within that time, "so 'deliberate, clear and unambiguous' that it reduced this statement into a written contract signed by its representatives." (*Id.* at 7.) As a result, Plaintiffs contend Defendant admitted forty-two days was a "reasonable time" for delivery, which constituted a binding judicial admission. (*Id.*)

In response, Defendant asserts (1) there was no statement made in court on the "reasonable time" for delivery to qualify as a judicial admission; (2) at no point did Plaintiffs request a jury instruction limiting "reasonable time" as a matter of law to forty-two days; (3) Plaintiffs never argued forty-two days constituted the "reasonable time" for delivery to the jury; (4) an alleged judicial admission would not preclude the jury's consideration of why it was taking Defendant longer than forty-two days to complete the contract within a "reasonable time"; (5) Plaintiffs'

4

argument conflates the two concepts of "time" referenced in the statute; and (6) Plaintiffs' judicial admission argument is procedurally deficient because it was not mentioned in their Motion for a New Trial. (Doc. 176.)

Typically, judicial admissions occur when an attorney concedes a factual issue on behalf of his or her client. *See, e.g., Lee v. Smith & Wesson Corp.*, 760 F.3d 523, 528 (6th Cir. 2014) (explaining that "[t]he purpose of the doctrine is to promote the expedition of trials by allowing parties to rely upon lawyers' admissions."). Judicial admissions must be "deliberate, clear and unambiguous" statements of fact and typically appear in the pleadings, stipulations, pretrial orders, or in arguments at trial. *Pucci v. Nineteenth Dist. Court*, 596 F. App'x 460, 467 (6th Cir. 2015) (citing *Barnes*, 201 F.3d at 829). In addition, judicial admissions constitute an intentional waiver of a party's right to present evidence on the particular factual issue. *Id.*; *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 550–51 (6th Cir. 1986) ("Judicial admissions 'eliminate the need for evidence on the subject matter of the admission,' as admitted facts are no longer at issue.") (internal citations omitted).

Here, the admission in question first appeared in the Gantt chart Mr. Morrone presented at the February 2, 2016, meeting, which listed March 14, 2016, as the delivery date for the first welder. (Doc. 175-1 at 3.) At trial, Defendant's CEO, Alex Benyo, and Mr. Morrone both testified that at the time of the February 2016 meeting they believed the first welder could be delivered by March 14, 2016. (Doc. 175-3 at 1; Doc. 175-6 at 3.) Testimony on one's beliefs, however, is not typically considered an unambiguous statement of fact. *See MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997) (explaining courts are reluctant to treat statements of opinions as binding judicial admissions). Further, following that meeting, Plaintiffs'

5

consultant, Dr. Anthony, suggested several changes to the welders' design. (Doc. 165 at 13.) After agreeing to implement many of those changes, there were no statements by Defendant that it could still deliver the first welder by March 14, 2016, or within forty-two days of the February 2016 meeting.

Based on this evidence, the Court finds the statements regarding the proposed delivery deadline of forty-two days for the first welder represented Mr. Morrone's and Mr. Benyo's belief, at the time of the February 2016 meeting, as to when the first welder could be delivered. The statements were not deliberate, clear, and unambiguous admissions of fact as to what ultimately constituted a "reasonable time" for delivery of both welders.

In addition, Plaintiffs did not seek to have the jury instructed that Defendant's proposed forty-two-day deadline constituted a "reasonable time" for delivery. Instead, the jury was told a "reasonable time" for delivery "depends on the nature, purpose, and circumstances of the action to be taken." Tenn. Code Ann. § 47-2-309, Official Comment 1. This further counsels against a finding that Mr. Morrone's proposed deadline of forty-two days constituted a judicial admission.

Based on the lack of a deliberate, clear, and unambiguous admission of fact, the Court finds the proposal of forty-two days for delivery at the February 2016 meeting was not a judicial admission and thus the jury was free to decide what constituted a "reasonable time" for delivery.

### B.     Weight of the Evidence

Plaintiffs assert there is no dispute that Defendant failed to deliver the welders in a "reasonable time" based on the forty-two-day delivery deadline Defendant proposed. (Doc. 174.) Plaintiffs argue that even if Dr. Anthony's proposed changes prevented Defendant from meeting the contract's deadlines, Defendant was informed on March 3, 2016, that it was in control and

could decide which changes to adopt. (*Id.*) Plaintiffs assert that Defendant then had eighty-one days to finish the welders, nearly twice the forty-two-day deadline, but Defendant never indicated it was ready to deliver the welders, or even ready to conduct the required run-off testing. (*Id.*) As a result, Plaintiffs contend a reasonable juror could not have found in favor of Defendant. (*Id.*)

In response, Defendant asserts Plaintiffs did not set any time limits for the additional, pre-delivery work and contends it was engaging in "a substantial, and visible effort to complete the contract within a 'reasonable time.'" (Doc. 176 at 2.) Further, Defendant argues Plaintiffs failed to provide the statutorily-required reasonable notification before cancelling the contract. (*Id.*) Thus, considering the evidence in its entirety and providing leeway for credibility determinations, Defendant asserts a reasonable jury could have found Defendant did not breach the contract by failing to deliver the welding machines in a "reasonable time." (*Id.*)

Based on the evidence presented at trial concerning pre-delivery changes, replacement welders, and the ten-day cure period, a reasonable juror could reach the challenged verdict.

At trial, the jury learned that following the February 2016 meeting, Plaintiffs' consultant, Dr. Anthony, proposed numerous changes to the welders' design. (Doc. 165 at 11–12.) Most of his changes were accepted by Defendant, but there was disagreement on certain changes. (*Id.*) On March 3, 2016, Plaintiffs' director of operations, Carol Peters, instructed Mr. Benyo that the equipment was his until it was delivered and he could decide which changes to adopt. (Doc. 165 at 13.) Mr. Benyo testified he and Ms. Peters agreed that Defendant could do more testing to determine the best way to proceed on certain changes. (Doc. 169 at 3.)

Mr. Morrone testified Plaintiffs were aware of the welders' progress at this point and Ms. Peters confirmed the parties held weekly calls to discuss the welders' development. (Doc. 168 at

7

5; Doc. 165 at 9, 20.) Ms. Peters also testified Plaintiffs knew that Defendant was still remedying problems with the welders as of April 1, 2016. (Doc. 165 at 21.) However, Plaintiffs did not offer or request a new delivery deadline before May 13, 2016, when the Notice of Breach and Right to Cure letter was sent. According to the letter, Defendant had ten days to deliver both welders or the contract would be cancelled. (Doc. 175-12.)

Considering this testimony, a reasonable juror could find that Plaintiffs were aware Defendant was implementing most of the changes Dr. Anthony suggested, but that the changes could not be completed by May 23, 2016. As a result, a reasonable juror could conclude "the nature, purpose, and circumstances of the action to be taken" required more time for delivery of the welders than Plaintiffs provided before cancelling the contract. *See* Tenn. Code Ann. § 47-2-309, Official Comment 1.

In addition, the jury heard testimony about the replacement welders Plaintiffs purchased after the contract with Defendant was cancelled. The replacement welders were purchased on May 2, 2017, but the first welder was not delivered until February 2019, nearly two years later. (Doc. 144 at 5.) Jim Klug, Plaintiffs' project manager, testified that the replacement welder took longer to develop than originally estimated. (*Id.* at 6.) He also testified that when it went into operation, the replacement welder was producing only one size of water-heater can. (*Id.* at 6.) Ms. Peters testified that Defendant's first welder was expected to produce three different can sizes and the second welder was to produce five can sizes. (Doc. 165 at 6–7.) A reasonable juror could conclude that compared to the nearly two years it took for the replacement welder, capable of welding just one can size, to be delivered, a "reasonable time" for delivery had not elapsed after

8

the two years and four months Defendant had to deliver two welders, capable of welding three to five can sizes.

Finally, the jury learned that in the Notice of Breach and Right to Cure Letter, Plaintiffs provided only ten days to deliver both welders before the contract was cancelled. (Doc. 175-12.) As Defendant noted, the jury was instructed that reasonable notification must be provided before a failure to deliver in a "reasonable time" can be considered a breach of contract. (Doc. 176.) After hearing testimony on the various delays to the welders' development in early 2016, a reasonable juror could conclude that ten days to deliver both welders did not satisfy the reasonable notification requirement for Defendant's failure to deliver to be considered a breach.

Considering the time to implement the pre-delivery changes proposed by Plaintiffs' consultant and the evidence that it took nearly two years to build one replacement welder, a reasonable juror could have concluded that a "reasonable time" for delivery had not elapsed when the contract was cancelled. In addition, the evidence of a ten-day cure period before cancellation could have led a reasonable juror to reach the verdict that Defendant did not breach the contract for failure to deliver in a "reasonable time." As a result, the challenged verdict was not unreasonable and the Court will deny Plaintiffs' motion for a new trial.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion will be **DENIED**.

**An appropriate order will enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**